Dear Mr. Bares:
You have requested an opinion of the Attorney General in your capacity as Chairman of the Louisiana Deferred Compensation Commission (Commission), relative to the Louisiana Deferred Compensation Plan (Plan). You specifically ask whether the Commission is authorized to create a trust, with the Commission acting as the trustee for the Plan, in order to comply with recent federal legislation concerning deferred compensation plans. We believe a brief discussion of the relevant federal legislation would be helpful in resolving your question.
The Small Business Job Protection Act of 1996 (the Act) makes several favorable changes to eligible deferred compensation plans maintained by governmental employers pursuant to IRC Sec. 457. As you are aware, the Plan is an exclusive provider for the 457 program for state employees.
Prior to the Act, Section 457 required that all plan assets be held in the name of the governmental employer, subject to the claims of the employer's general creditors. The Act amends Section 457 by removing that requirement and adding a requirement that plans be held in such a way as to identify and protect the employees' interests in the Plan. Section 457 now requires that the assets of an eligible deferred compensation plan sponsored by a governmental employer be held in a trust, an annuity contract or a custodial account, and that such assets be held for the exclusive benefit of Plan participants. The amendment is designed to provide increased protection and security to Plan participants by segregating Plan assets from the general assets of the employer. Thus, once the trust provision is in place, governmental employers will no longer be able to use Plan assets for their own use or pledge such assets as collateral. The Commission has until January 1, 1999, to create a trust or enter into an annuity contract or custodial account which meets the trust requirements.
To reflect this change in the law, Section 457 Plan documents must be amended to delete the requirement that all amounts contributed to the Plan and all earnings thereon remain the sole property of the employer, subject to the employer's general creditors. Substituted in its place will be language requiring that all plan assets be held for the exclusive benefit of plan participants and beneficiaries. The Plan document typically includes a provision stating which persons or which entity has the authority to amend same and make other decisions with respect to the Plan. These same persons will generally have the authority to create the trust. We turn now to the laws comprising the Government Deferred Compensation Plan found at R.S. 42:1301, et seq.
A review of the statutory provisions reveals no prohibition against the creation of a trust by the Commission with the Commission acting as the trustee for the Plan. To the contrary, Section 1303 vests with the Commission various powers and duties. We find the following to be relevant to your inquiry:
 "The Commission shall have the following powers and duties:
* * *
 (6) To agree by contract with any person to defer, in accordance with Section 457 of the United States Internal Revenue Code, as amended, future compensation which, except for the terms of the contract, would have been payable to such person.
* * *
 (11) To make, amend, repeal, and promulgate necessary rules, and to do such other things, not inconsistent with law, as are necessary to perform properly the powers and duties vested in it. (Emphasis added).
Based on the above provisions, we find that it is incumbent upon the Commission to do all things necessary to implement the amendment to Section 457. This would include the creation of a trust with the Commission acting as a trustee for the Plan.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH/tp